IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 5:23-cr-9-KDB |
| ) | |
| ) | **BILL OF INDICTMENT** |
| v. ) | |
| ) | Violations: 21 U.S.C. § 841(a)(1) |
| ) | 18 U.S.C. § 922(g)(5) |
| ) | 18 U.S.C. § 924(c) |
| YAEL AGUILAR ) | |
| ) | |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
*(Distribution of Cocaine)*

On or about August 17, 2022, in Iredell County, within the Western District of North Carolina, the defendant,

**YAEL AGUILAR,**

did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT TWO**
*(Distribution of Methamphetamine)*

On or about August 26, 2022, in Iredell County, within the Western District of North Carolina, the defendant,

**YAEL AGUILAR,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT THREE
*(Distribution of Fentanyl and Heroin)*

On or about September 14, 2022, in Iredell County, within the Western District of North Carolina, the defendant,

**YAEL AGUILAR,**

did knowingly and intentionally distribute a controlled substance, which violation involved: (i) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and (ii) a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; all in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about September 14, 2022, in Iredell County, within the Western District of North Carolina, the defendant,

**YAEL AGUILAR,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a Controlled Substance, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Three of this Bill of Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FIVE
*(Possession with Intent to Distribute Fentanyl and Cocaine)*

On or about September 22, 2022, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**YAEL AGUILAR,**

did knowingly and intentionally possess with the intent to distribute a controlled substance, which violation involved: (i) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841(a)(1).

# COUNT SIX
*(Possession of a Firearm by an Illegal Alien)*

On or about September 22, 2022, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**YAEL AGUILAR,**

knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess a firearm, that is, a Glock model 23, .40 caliber pistol, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All firearms or ammunition involved or used in such violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property seized during the investigation is subject to forfeiture on the grounds stated above:

a. One Glock model 23 .40 caliber pistol, magazine, and ammunition seized on or about September 22, 2022.
b. One Polymer 80, model PF940C, 9mm privately made firearm (PMF) with a Glock slide, magazine, and ammunition seized on or about September 22, 2022.
c. $24,023.00 in United States Current seized as part of the investigation on or about September 22, 2022.

A TRUE BILL

████████████
FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

*Will M W*
WILL WISEMAN
SPECIAL ASSISTANT UNITED STATES ATTORNEY